IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank National Trust Co., | : | Case No. 3:07CV2600 |
| Plaintiff, | : | |
| v. | : | MAGISTRATE'S REPORT AND RECOMMENDATION |
| Richard Gaines, et al., | : | |
| Defendants. | : | |

This foreclosure action filed pursuant to 28 U.S.C. § 1332 was referred to the undersigned magistrate for pretrial management and the filing of a report and recommendation. Pending is Plaintiff's unopposed Motion for Summary Judgment which is accompanied by a proposed Agreed Judgment Entry and Decree in Foreclosure and a Motion for Default Judgment (Docket No. 28).

For the reasons that follow, the undersigned recommends that summary judgment and the decree of foreclosure be granted and that the lien of the Lucas County Treasurer be given appropriate priority as provided by Ohio law.

## PROCEDURAL BACKGROUND

This action was filed on August 27, 2007, naming Richard Gaines, Wells Fargo Bank, N.A., and the Erie County Treasurer as defendants. Defendant Richard Gaines executed a promissory note and Defendant Richard Gaines executed the mortgage referenced in the complaint. Plaintiff is the holder of the note and mortgage which secures the amounts due under the note. As a result of defendant's failure to timely pay the note, the note and mortgage are in default. Consequently, the conditions of the mortgage have been broken, and Plaintiff is entitled to have the equity of

1

redemption and dower of the current title holder foreclosed.

The summons and complaint were properly served upon defendants; however, only Richard Gaines and the Erie County Treasurer (Docket Nos. 18 and 23) have filed answers or other responsive pleadings. Consequently, the Clerk has entered the default for each defendant other than Richard Gaines and the Erie County Treasurer. The Unknown Spouse of Richard Gaines was dismissed as a party on 10/11/07.

## SUMMARY JUDGMENT STANDARD

The summary judgment procedure is designed to dispose of cases wherein there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)).

The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S.Ct. 2548, 2552-2553 (1986). In the face of Defendant's properly supported Motion for Summary Judgment, the Plaintiff cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S.Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Co.*, 88 S.Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S.Ct. at 2513 (*citing Addickes v. S.H. Kress & Co.*, 90 S.Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id*. If, after deciding, the dispute about a material fact is genuine, summary judgment should be denied.

## DISCUSSION

Based upon a review of the pleadings and supporting documents, the undersigned finds that Plaintiff's mortgage was recorded with the Erie County Recorder and is a valid and subsisting first mortgage on the property; however, Plaintiff's mortgage is junior in priority under Ohio law to the lien held by the Erie County Treasurer to secure the payment of real estate taxes and assessments. The undersigned further finds that all amounts payable under Section 323.47 of the Ohio Revised Code should be paid from the proceeds of the sale before any distribution is made to other lien holders.

The undersigned also finds that there is due on the note: 1) principal in the amount of $814,411.12, plus interest on the principal at the rate of 6.99% per annum from April 1, 2007; all late charges imposed under the note; all advances made for the payment of real estate taxes and assessments and insurance premiums and all costs and expenses incurred for the enforcement of the note and mortgage except to the extent the payment of one or more specific such items is prohibited by Ohio law.

Accordingly the magistrate recommends that Plaintiff's motion for summary and for default judgment be granted. The undersigned further recommends that unless the sums found to be due to Plaintiff are fully paid within ten days from the date of the judgment entry and decree of foreclosure that: the equity of redemption of the defendant title holder in the property shall be foreclosed and the property be sold free of the interests of all parties to this action subject to redemption by defendants pursuant to Ohio Revised Code § 2329.33. If payment is not made as required, the magistrate recommends that an order of sale shall issue to a master commissioner, directing him/her to appraise, advertise and sell the property according to the law and orders of this Court and to report his /her proceedings to this Court.

The undersigned further recommends that the Judgment Entry and Decree of Foreclosure and Motion for Default Judgment (Docket No. 28) submitted by Plaintiff be entered.

So ordered.

/s/ Vernelis K. Armstrong
U. S. Magistrate Judge

Dated: 05/07/08

**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after

the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.